**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRENT FARRIS**, on behalf of himself and others similarly situated, | ) ) | Case No. 2:05-CV-227 |
| | ) | JUDGE SARGUS |
| Plaintiffs, | ) | |
| vs. | ) | MAGISTRATE JUDGE KING |
| | ) | |
| **GOANTIQUES, INC., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EBAY INC.'S AMENDED MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, eBay, Inc. ("eBay"), moves this Court to dismiss Plaintiff's' First Amended Complaint. eBay is immune from liability based on GoAntiques' actions pursuant to the Communications Decency Act, 47 U.S.C. § 230.  Further, all causes of action fail to state a claim upon which relief can be granted.

eBay's motion to dismiss is supported by the attached Memorandum in Support.

BUCKINGHAM, DOOLITTLE & BURROUGHS. LLP

By:     **Andrew W. Owen**
        Andrew W. Owen (0059646), Trial Attorney
        Joseph E. Ezzie (0075446), Of Counsel
        191 W. Nationwide Blvd, Suite 300
        Columbus, Ohio 43215
        Phone: 614-221-8448/Fax: 614-221-8495
        aowen@bdblaw.com
        Attorney for Defendant eBay, Inc.

Of Counsel:
COOLEY GODWARD LLP
MICHAEL G. RHODES
JOSEPH S. LEVENTHAL
4401 EASTGATE MALL
SAN DIEGO, CA  92121-1909
(858) 550-6271
*Attorneys for Defendant eBay, Inc.*

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>

## I.    INTRODUCTION

Plaintiffs seek to hold eBay liable for the actions of GoAntiques.com in connection with GoAntiques' sale of goods using eBay's interactive online computer services.  The crux of all plaintiffs' causes of action asserted against eBay is that eBay should be held liable for GoAntiques' alleged unlawful practice of "shill bidding."  Plaintiffs allege that GoAntiques' practice of "shill bidding" is wrongful because it misrepresents to potential bidders that there are other bidders placing bids for auction items when, in fact, the "shill bid" is merely placed by GoAntiques' computer system.  The legal theories asserted in the First Amended Complaint ("FAC") fail because the Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230"), precludes eBay's liability for GoAntiques' actions.  Specifically, Section 230 provides an absolute defense to all of plaintiffs' allegations, declaring, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1) (1998).  The CDA preempts all state law that "is inconsistent" with it.  47 U.S.C. § 230(e)(3).

eBay also moves to dismiss each and every cause of action asserted in the FAC on the ground that plaintiffs fail to allege facts sufficient to state a cause of action upon which relief may be granted.  The specific causes of action alleged in the FAC each suffer from various defects.

Finally, plaintiffs' attempt to bring this action as a class should be rejected.  Should the Court find that plaintiffs have stated a cause of action either under a state statute or for breach of eBay's User Agreement or Live Auction User Agreement, determination of liability, harm and causation would require examination of each and every auction to determine what occurred and whether the claimant paid more than they otherwise would have.  Such an individualized factual determination is inappropriate for a class action.  Accordingly, the FAC should be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

Plaintiffs bring this putative class action lawsuit against eBay because of alleged "shill bidding" by defendant GoAntiques.  (FAC ¶ 1.)  The alleged conduct occurred between April 2004 and the present ("class period") (although plaintiffs now realize that eBay terminated the allegedly offending conduct in Spring of 2005).  (FAC ¶ 70.)  eBay offers a venue for buyers and sellers to connect at www.ebayliveauctions.com ("live auction venue").  (FAC ¶ 21.)  Through the live auction venue, eBay allows potential buyers to place absentee bids or bid at the time of the "live auction."  (FAC ¶ 22.)  Users of eBay's live auction venue must agree to eBay's User Agreement and eBay's Live Auction User Agreement.  (FAC, Exs. 1, 3.)  eBay also has a policy related to its venues that forbids "shill bidding."  (FAC ¶ 24.)

eBay contracts with certain auction houses, which utilize eBay's services to sell lots on eBay's live auction venue.  (FAC ¶ 30.)  Auction houses post their items for sale on eBay's website and often times on their own website (as is the case here).  (FAC ¶ 28.)  An auction house's policies and procedures apply to its auctions.  (FAC ¶ 28.)  GoAntiques' policies and procedures, disclosing and discussing the conduct complained of by plaintiffs, was posted on eBay's website in April 2004 – the start of the class period.  (FAC ¶ 68.)  In addition, eBay permits auction houses to set reserves on the items they sell.  (FAC ¶ 47.)  The bids placed by potential buyers are transmitted directly to the auction houses.  (FAC ¶ 28.)  If a winning bid is placed, the seller pays the auction house directly and the auction house ships the item to the buyer directly.  (FAC ¶ 28.)  eBay does no more than provide a venue for auctioneers and potential purchasers to connect.

Allegedly, GoAntiques engages in the practice of "shill bidding" while conducting its auctions on eBay's website.  (FAC ¶ 54.)  Based on eBay's affiliation and business relationship with GoAntiques, plaintiffs bring this class action lawsuit against eBay.

## III.     STANDARD FOR MOTION TO DISMISS

While the Court must accept material allegations as true when considering a motion to dismiss, it should not consider unsupported, conclusory allegations.  *See Murphy v. Sofamor*

3.

*Danek Group (In re Sofamor Danek Group)*, 123 F.3d 394, 400 (6th Cir. 1997) ("our standard of review 'requires more than the bare assertion of legal conclusions.' 'We need not accept as true legal conclusions or unwarranted factual inferences.'") (internal citations omitted); *Albert Fadem Trust v. Am. Elec. Power Co.*, 334 F. Supp. 2d 985, 997 (S.D. Ohio 2004) ("[c]onclusory statements or legal conclusions need not be considered" in deciding a motion to dismiss). Nor should it accept legal or factual allegations based on unwarranted deductions or unreasonable inferences, or allegations that contradict matters properly subject to judicial notice. *See* Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (documents judicially noticeable appropriately considered on motion to dismiss). Allegations contradicted by exhibits incorporated by reference also should not be considered. *See Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997) (exhibits referenced in complaint appropriately considered on motion to dismiss).

## IV.   ARGUMENT

### A.   All Causes of Action Against eBay Should Be Dismissed Because eBay Is Immune from Liability for the Conduct of Third Parties Under 47 U.S.C. § 230.

Each of plaintiffs' causes of action fail because eBay is immune from liability under Section 230 of Title 47 of the United States Code ("Section 230"). Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). That section continues by stating that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). *See also Zeran v. AOL, Inc*., 129 F.3d 327, 330 (4th Cir. 1997) ("By its plain language, §230 creates a federal immunity ***to any cause of action*** that would make service providers liable for information originating with a third-party user of the service.") (Emphasis added.)

"By its plain language, ***§230 creates a federal immunity to any cause of action*** that would make service providers liable for information originating with a third-party user of the

service." *Zeran*, 129 F.3d at 330 (emphasis added).  *See also Ben Ezra, Weinstein, & Co. v. AOL, Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) ("Congress enacted §230 to promote freedom of speech in the 'new and burgeoning Internet medium' by eliminating the 'threat [of] tort-based lawsuits' against interactive services for injury caused by 'the communications of others'" (quoting *Zeran*, 129 F.3d at 330)).  Thus, "[w]hether wisely or not, [Congress] made the legislative judgment [in enacting Section 230] to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others." *Blumenthal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998).  Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action (*see* 47 U.S.C. § 230(e)(3)) and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract.  *See Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000); *Doe v. AOL, Inc.*, 1997 WL 374223 (Fla. Cir. Ct. June 26, 1997), *aff'd* 718 So.2d 390 (1998), *review granted* 729 So.2d 390 (Fla. Apr. 12, 1999).

Here, plaintiffs succinctly state their position: "This is a class action based upon a scheme and common course of conduct ***perpetrated by GoAntiques.***"  (FAC ¶ 54 (emphasis added).)  The action of which plaintiffs complain "began in April 2004 and continues to this day during ***GoAntiques' auctions*** at www.ebayliveauctions.com."  (FAC ¶ 4 (emphasis added).)  It is *GoAntiques* that allegedly "engaged in the deceptive practice of 'shill bidding' against buyers… [and] secretly bid for sellers against buyers," "acted as the seller's agent to bid against buyers," failed to "always disclose to prospective bidders the fact that certain lots are subject to reserve pricing," and "never informed these absentee bidders that GoAntiques would bid against them." (FAC ¶¶ 7, 8, 46, 66.)  Based on these actions, plaintiffs conclude that "GoAntiques, therefore, acted in three simultaneously conflicting roles: (1) as the absentee bidder's proxy, (2) as the seller's 'shill' to bid against the absentee bidder, and (3) as the supposedly fair and disinterested auctioneer."  (FAC ¶ 67.)  Even the class description is based solely on the actions of

GoAntiques: "All nationwide individuals who have purchased items through 'eBay live auctions' *during which GoAntiques shill bid* for sellers."  (FAC ¶ 70 (emphasis added).)

Plaintiffs cannot dispute that eBay is a provider of an "interactive computer service," which Section 230 broadly defines to encompass "*any* information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  47 U.S.C. § 230(f)(2) (emphasis added).  A California Court of Appeals has already conclusively determined that, as a matter of law, eBay is an "internet computer service provider" as defined by the CDA, and that eBay is immune from liability for any underlying bad acts or misrepresentations by the users of its services.  *See Gentry v. eBay*, 99 Cal. App. 4th 816, 834 (Cal. Ct. App. 2002).

Nevertheless, plaintiffs seek to hold eBay liable under various theories for the actions of GoAntiques in connection with eBay's live auction venue.  Section 230 prohibits liability on this basis.  *See Zeran*, 129 F.3d at 330; *Blumenthal*, 992 F. Supp. at 49-50.  *See also Doe*, 1997 WL 374223, at *2 (Section 230 prohibits AOL's liability based on alleged misrepresentations of actual "publisher or speaker" of statements at issue).  Plaintiffs attempt to circumvent this immunity by charging that eBay "knows and permits GoAntiques to 'act to protect the seller's reserve' [and] to list each 'shill bid' as an 'Auction Floor Bid.'"  (FAC ¶¶ 48, 49.)  But eBay's absolute immunity under Section 230 applies even if eBay knew or consented to GoAntiques' activity.  *Zeran*, 129 F.3d at 332-33.  Because eBay "did not create or develop the underlying misinformation," it cannot be held liable for it.  *Gentry*, 99 Cal. App. 4th at 834.  Because Section 230 provides eBay with a safe harbor from liability for the information published by GoAntiques,[1] all of plaintiffs' causes of action should be dismissed as barred by Section 230.

---

[1] Plaintiffs are unable to dispute that GoAntiques is an "information content provider" within the scope of Section 230.  *See* 47 U.S.C. § 230(f)(3) (defining "information content provider" to mean "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service").

**B.     Apart From the Immunity Provided by Section 230, Each Cause of Action Fails as a Matter of Law.**

While all causes of action brought against eBay are preempted by Section 230, they should be dismissed on the independent basis that plaintiffs, as a matter of law, fail to allege facts sufficient to sustain their causes of action.

**1.     Plaintiffs' Breach of Contract Cause of Action Relies on the Conduct of a Non-Party and Relies on a Misstatement of the Parties' Agreements.**

Plaintiffs' breach of contract claims (FAC ¶¶ 91-98) are premised entirely on GoAntiques' alleged misconduct coupled with a plain falsification of the User Agreement and Live Auction User Agreement between plaintiffs and eBay.

The parties' rights and responsibilities pursuant to the their agreements should be determined by the Court. *Seringetti Const. Co. v. City of Cincinnati*, 51 Ohio App. 3d 1, 4 (Ohio Ct. App. 1988) ("The interpretation of a written agreement is, in the first instance, a matter of law for the court") (citation omitted). "As long as the contract is clear and unambiguous, the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." *White v. Lawler*, 2005 WL 1792870, at *1 (Ohio Ct. App. July 28, 2005) (*quoting Piciorea v. Genesis Ins. Co.,* 2003 WL 21710789, at *2 (Ohio Ct. App. July 24, 2003) (internal quotations omitted)) (upholding defendant's summary judgment motion interpreting insurance contract). The Court should give words in the User Agreement (FAC, Ex. 1) and Live Auction Agreement (FAC, Ex. 3) their "plain and ordinary" meaning and should not allow plaintiffs to survive a motion to dismiss based on an "absurd[]" interpretation of these agreements. *Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.*, 578 N.E.2d 851, 855 (Ohio. Ct. App. 1989) (upholding lower court's interpretation of insurance agreement) (citations omitted).

In support of their breach of contract cause of action, plaintiffs allege that eBay "materially breaches its User Agreement by approving, hosting, and participating in auctions during which GoAntiques 'shill bids….'" (FAC ¶ 96.) Plaintiffs argue that the User Agreement "promises… that eBay will prohibit… 'shill bidding….'" (FAC ¶ 93.) Plaintiffs attach the User

Agreement as Exhibit 1 to the FAC, but conveniently fail to indicate where therein such a promise is made.  In fact, *the User Agreement does not contain the "promise" plaintiffs allege* and such a promise would be completely contradictory to the parties' relationship.[2]

Contrary to plaintiffs' invented assertions about the User Agreement's representations, the agreements between eBay and plaintiffs expressly exclude liability by eBay for the actions of third parties.  Specifically, the User Agreement states:

> *[W]e have no control over… the truth or accuracy of the [items advertised]*….  [I]n the event that you have a dispute with one or more users, you release eBay… from claims, demands and damages….  *We do not control the information provided by other users that is made available through our system.*  You may find other user's information to be offensive, harmful, *inaccurate, or deceptive*….  IN NO EVENT SHALL WE, OUR SUBSIDIARIES, OFFICERS, DIRECTORS, EMPLOYEES OR OUR SUPPLIERS BE LIABLE FOR LOST PROFITS OR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH OUR SITE, OUR SERVICES OR THIS AGREEMENT (HOWEVER ARISING, INCLUDING NEGLIGENCE).

(FAC, Ex. 1, ¶¶ 3.1, 3.4, 3.5, 12 (emphasis added).)  Further, plaintiffs cannot bring their breach of contract claim based on the Live Auction Agreement as that contract specifically states:

> *We have no control over* the quality, safety or legality of the items advertised, [or] *the truth or accuracy of the listings*….  [I]n the event that you have a dispute with an [Auction House], you release eBay… from claims, demands and damages of every kind and nature, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or in any way connected with such disputes….  *We do not control the information that is provided by [Auction Houses]* and which is made available through our system.  *We do not guarantee that the [Auction Houses]* maintain proper auctioneer's licenses or *comply with all laws*….  WE AND OUR SUPPLIERS PROVIDE OUR WEB SITE AND SERVICES "AS IS" AND WITHOUT ANY WARRANTY OR CONDITION, EXPRESS, IMPLIED OR STATUTORY… NOR DO WE GUARANTEE THE PERFORMANCE OF ANY OBLIGATIONS BY AN [AUCTION HOUSE].

(FAC, Ex. 3, ¶¶ 2-4, 8 (emphasis added).)  Contrary to plaintiffs' assertions in the FAC, eBay expressly disclaimed responsibility for the actions of the auction houses that list items on eBay's

---

[2] Plaintiffs falsely assert that the "User Agreement" authorizes a buyer's premium.  (FAC ¶ 94.)  Yet such authorization is not found in the User Agreement but, rather, in the Live Auction User Agreement attached to the FAC as Exhibit 3.

websites.  The plain and unambiguous language of the User Agreement and the Live Auction User Agreement evidence this conclusion.

"Where the plaintiff's cause of action arises out of a contract which has been attached to the complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, ***dismissal is both justified and appropriate.***"  *Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 672 (N.D. Ohio 1992) (*quoting Goodman v. Bd. of Trustees of Community College*, 498 F. Supp. 1329, 1337 (N.D. Ill. 1980) (emphasis added)).  Because plaintiffs' breach of contract action depends on an interpretation of the eBay User Agreement and Auction User Agreement that is contrary to the unambiguous language of those contracts, it should be dismissed.  *See Weiner,* 108 F.3d at 89 (exhibits referenced in complaint appropriately considered on motion to dismiss).

### 2. eBay Is Not a "Supplier" and Committed No "Act" in Violation of the Ohio Sales Practices Act.

Plaintiffs allege that eBay violated Section 1345.02 and 1345.03 of the Ohio Sales Practices Act through its involvement with GoAntiques' "shill bidding."  (FAC ¶¶ 99-106.)  In order to allege a cause of action under the Sales Practices Act, plaintiffs must allege facts sufficient to show that eBay is a "supplier" involved in "consumer transactions."  OHIO REV. CODE §§ 1345.02, 1345.03.  A "supplier" is "a seller… or other person engaged in the business of effecting or soliciting consumer transactions."  OHIO REV. CODE § 1345.01(C).  Related to GoAntiques' activities in the FAC, eBay is not a "supplier."  ***GoAntiques*** sells, effects, and solicits the transactions in question.  GoAntiques sets the reserves for the items it is selling (FAC ¶ 47), bids are transmitted directly to GoAntiques, the seller pays GoAntiques directly, and GoAntiques ships the item purchased directly to the buyer.  (FAC ¶ 28.)  eBay does not sell any goods, and is merely a venue for "suppliers" such as GoAntiques to effectuate their transactions.  eBay cannot be held liable as a "supplier" under the Sales Practices Act.

Further, the Sales Practices Act prohibits an "unfair or deceptive ***act***" or an "unconscionable ***act or practice***."  OHIO REV. CODE §§ 1345.02, 1345.03 (emphasis added).

Plaintiffs have failed to allege that eBay has committed any such act.  The FAC is based entirely upon alleged "shill bidding" by GoAntiques, not eBay.  (*See* FAC ¶¶ 7, 8, 64, 66, 67.)  Plaintiffs fail to allege a specific *act* by eBay that was unfair, deceptive, or unconscionable.  Plaintiffs merely allege that eBay is aware of GoAntiques' acts.  Likewise, plaintiffs have failed to allege that any of eBay's *practices* are unconscionable.  Plaintiffs have summarily stated that eBay "participates" in the alleged unfair practice (FAC ¶ 3) but have alleged no facts to support this conclusion.  Indeed, all facts alleged by plaintiffs suggest that eBay did not participate in any way in the alleged "shill bidding" by GoAntiques.  (*See* FAC ¶¶ 28, 47.)  Furthermore, mere knowledge and consent do not constitute an "act" or "practice" that would bring eBay within Sections 1345.02 and 1345.02.  *See Frey v. Vin Devers, Inc.*, 80 Ohio App. 3d 1, 6 (1992) (act or practice is "deceptive" when "the supplier *does* or *says* something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts" (emphasis added)).  Therefore, plaintiffs have failed to allege and cannot allege that eBay has committed any violation of Ohio's Sales Practices Act.

### 3.   Plaintiffs' Negligence and Negligent Misrepresentations Cause of Action Fails as a Matter of Law Because eBay Does Not Owe Plaintiffs a Duty to Control GoAntiques' Actions.

Plaintiffs' allegations for negligence and negligent misrepresentation are based solely on the conduct of GoAntiques, which eBay does not have a duty to control.  Without having a duty to control the actions of GoAntiques, plaintiffs' negligence and negligent misrepresentation claims fail as a matter of law.  (Further, since these asserted duties arise in the context of third-party information being "posted" on eBay's website, the CDA Section 230 immunity discussed above also precludes these claims.  *See Gentry*, 99 Cal. App. 4th at 816.)

Likewise, plaintiffs allege that eBay is liable for negligence and negligent misrepresentation based on violations of Ohio's Auction Law but based solely on the actions of GoAntiques.  As discussed *infra,* Part B.5., eBay is not liable under Ohio's Auction Law.  Because plaintiffs have failed to allege that eBay owed plaintiffs a "duty" to control the actions

of GoAntiques, the Court should appropriately dismiss this cause of action regardless of whether Section 230 provides eBay immunity.

### 4. Because GoAntiques is Not eBay's Agent, the Cause of Action for Vicarious Liability Should be Dismissed.

In support of plaintiffs' cause of action for vicarious liability, plaintiffs do no more than state, in conclusory fashion, that GoAntiques is an agent of eBay.  (FAC ¶ 118 ("eBay is the principal who has the right to control the actions of its agent, GoAntiques…").)  Such conclusory legal statements, unsupported by any allegation of fact in the FAC, should be disregarded by the Court.  *See Murphy*, 123 F.3d at 400  (conclusory statements or legal conclusions need not be considered in deciding a motion to dismiss).  In fact, eBay's Live Auction Agreement, attached to the FAC, expressly states that eBay has no control over GoAntiques.  (FAC, Ex. 3 at ¶ 2.) Because GoAntiques is not an agent of eBay, this cause of action should be dismissed.

### 5. Plaintiffs' Claims Pursuant to the Ohio and California Auction Laws Are Preempted.

Plaintiffs' allegations to support a cause of action under the Ohio and California Auction laws are insufficient because the facts required to establish a violation are clearly preempted by the CDA.  47 U.S.C. § 230(e)(3).

### 6. Plaintiffs Fail to State Causes of Action for Violations of California's Consumer Remedies Act and Unfair Competition Act Because They Rely Only on the Actions of GoAntiques.

Plaintiffs' causes of action for violations of California's Consumer Remedies Act and Unfair Competition Act (FAC ¶¶ 126-35) are all based on the alleged conduct of GoAntiques. As explained in the outset of the FAC, plaintiffs' underlying basis for bringing this action against eBay is eBay's alleged "continuing participation in defendant GoAntiques' deceptive and unfair practice of auction 'shill bidding….'"  (FAC ¶ 1.)  This is confirmed in plaintiffs' causes of action under California statutory law when they plead for relief based on "shill bidding by… GoAntiques." (FAC ¶ 133.)

Plaintiffs do not allege a single act *by eBay* that supports their causes of action for violation of California statutory law.  Instead, in merely 10 paragraphs of the FAC, plaintiffs

attempt to plead violations of three different California statutes – including 10 different specific violations of law, yet do not advance a single fact to support these pleadings nor attempt to explain how the actions of GoAntiques equates a violation of California law. Plaintiffs simply and insufficiently advance legal conclusions unsupported by any factual allegations. (*See, e.g.*, FAC ¶ 130 ("eBay has violated Cal. Civ. Code § 1812.608 by violating Cal. Com. Code §§2328(3)-(4), among other violations")).) Because of this deficiency, plaintiffs' causes of action for violation of California's Consumer Remedies Act and Unfair Competition Act should be dismissed. *See Murphy*, 123 F.3d at 400 (conclusory statements or legal conclusions need not be considered in deciding a motion to dismiss).

### 7. Plaintiffs Fail to State Causes of Action for Unjust Enrichment, Imposition of Constructive Trust, and Money Had and Received.

Plaintiffs' causes of action for unjust enrichment and money had and received (FAC ¶¶ 136-47) are based on the alleged "inflated sales prices and/or buyer's premiums and/or other fees and profits acquired by GoAntiques and eBay…" (FAC ¶ 137) and "wrongful profits and fees by deceptive, unfair, and illegal conduct" (FAC ¶ 143). If plaintiffs' unjust enrichment claim fails, plaintiffs' cause of action for money had and received must also fail. *Drozeck v. Lawyers Title Ins. Co.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) ("An action for 'money had and received' is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment") (citation omitted).

Despite their attempt to plead around the requirements of these causes of action, every wrongful act plaintiffs allege relates to the conduct of GoAntiques – not conduct by eBay. "A constructive trust is defined… as: A trust by operation of law… against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.…" *Ferguson v. Owens*, 459 N.E.2d 1293, 1295 (Ohio 1984) (internal quotation omitted). A cause of action for constructive trust and

money had and received against eBay requires wrongful conduct by eBay.  Because plaintiffs base these claims on the actions of GoAntiques – not the conduct of eBay – their causes of action for constructive trust and money had and received must fail.

> **8.    There is No Basis for Awarding Plaintiffs Declaratory and Injunctive Relief.**

The remainder of the FAC seeks equitable relief based on the above causes of action. (FAC ¶¶ 148-53.)  If eBay's motion to dismiss the above causes of action is granted, there is no basis for granting plaintiffs the equitable relief they seek as plaintiffs rely on the same third-party conduct.    Accordingly, plaintiffs' claims for declaratory and injunctive relief should be dismissed.

> **C.    Class Certification is Inappropriate Because the Court Would Be Engaged in Countless Individualized Determinations of Liability and Damages.**

Class certification is only appropriate if each member is not required to individually litigate numerous and substantial questions to determine liability and damages.  *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1084-85 (6th Cir. 1996) (finding class certification inappropriate when alleged causes of injury not based on "single happening or accident," no one set of operative facts, no single proximate cause, and affirmative defenses "***depend on facts peculiar to each plaintiff's case***") (emphasis added); Fed. R. Civ. P. 23(b)(3) (action may be maintained as class action if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members…").

Here, the Court would be required to determine, as an initial matter, which members of the class had their bidding influenced by the conduct alleged to be unlawful for purposes of liability.  If a particular purchaser would have bid the exact amount that they actually paid regardless of the defendants' conduct, then liability could not attach for certain causes of action. For example, if a buyer did not change their bidding based on eBay's conduct, liability may exist under a breach of contract theory (limited by the damages provision in the User Agreement), but would not exist under plaintiffs' negligence theory (because of a lack of reliance).  A buyer that did change their bidding based on eBay's conduct might be able to establish liability under both

breach of contract and negligence theories (among others).  There is no uniform or systematic way to make this determination of liability other than on an individual basis.

Even if it was determined that eBay had any liability for GoAntiques' actions in this matter, the Court would then be required to determine which class members suffered any damage from eBay's actions, on what theory of recovery the individual plaintiff's recovery was based, and to what extent that individual plaintiff was damaged.  These are all questions of fact that require litigation by each plaintiff individually.  First, the Court would have to determine, for each plaintiff, whether they changed their bidding based on: 1) eBay's actions; 2) GoAntiques' actions; or 3) both defendants' actions.  If an individual plaintiff did not change their bidding based on eBay's actions, then, presumably, that plaintiff could only recover contract or statutory damages.  Second, for all those that did change their bidding based on the actions of one or both defendants, the Court would be required to examine each auction for which eBay is liable and make a determination as to each individual claimant's bidding practices and experience, whether any harm occurred as a proximate cause, and the amount of any recoverable damages.

For example, if the automated system is the "shill bidder" and there is no other live bidder, then the buyer paid exactly what he or she bid (because the automated system merely provides shill bids up to that buyer's stated or absentee bid).  As a consequence, that buyer paid what they were willing to pay and, thus, have no damages.[3]  Such an individualized legal and factual determination is inappropriate for class certification, consuming countless hours by the Court.  Therefore, the FAC should be dismissed because it is inappropriate for class treatment.

V.    CONCLUSION

All of plaintiffs' allegations are premised on the actions of GoAntiques.  The FAC does not contain any allegations of wrongful conduct by eBay other than supposed misconduct stemming from GoAntiques' auction practices.  Accordingly, eBay is immune from liability

---

[3] This is unless the buyer argues that they would not have bought the item in question *at all* had they known that the shill bidding was occurring.  In this case, the Court would have to look at every transaction for issues of causation and loss (e.g. is the good really "worth" less than what the buyer paid).

under all causes of action as explicitly provided by Section 230.  Further, even if the immunity of Section 230 did not apply, plaintiffs fail to allege facts sufficient to maintain their causes of action.  Finally, plaintiffs' allegations are inappropriate for class treatment because a determination of liability and damages for each plaintiff would require individualized, particularized litigation.  For the foregoing reasons, the causes of action against eBay in plaintiffs' FAC should be dismissed with prejudice.

BUCKINGHAM, DOOLITTLE & BURROUGHS. LLP

By:   **Andrew W. Owen**
Andrew W. Owen (0059646), Trial Attorney
Joseph E. Ezzie (0075446), Of Counsel
191 W. Nationwide Blvd, Suite 300
Columbus, Ohio 43215
Phone:  614-221-8448/Fax:  614-221-8495
aowen@bdblaw.com

Attorney for Defendant eBay, Inc.

Of Counsel:
COOLEY GODWARD LLP
MICHAEL G. RHODES
JOSEPH S. LEVENTHAL
4401 EASTGATE MALL
SAN DIEGO, CA  92121-1909
(858) 550-6271
*Attorneys for Defendant eBay, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served by means of filing using the electronic filing system of the Court and the automatic electronic notification procedure of that system, and/or by regular U.S. mail, postage prepaid, upon the following, this 3rd day of April, 2006:

Mark D. Lewis
Mark M. Kitrick
Kitrick & Lewis Co., LPA
515 East Main Street
Suite 515
Columbus, Ohio  43215-5398

Rex H. Elliott
Charles H. Cooper, Jr.
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221

*Attorneys for Plaintiffs*

Frederick M. Luper
Bridget E. Heid
Luper Neidenthal & Logan, LPA
50 West Broad Street, Suite 1200
Columbus, Ohio  43215-3374

*Attorneys for Defendant GoAntiques, Inc.*

s/Andrew W. Owen

# APPENDIX OF AUTHORITIES

**CASE LAW**                                                                    **PAGE**

*Zeran v. AOL, Inc*., 129 F.3d 327, 330 (4th Cir. 1997) ("By its plain language, §230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."). . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . .   4, 6

*Ben Ezra, Weinstein, & Co. v. AOL, Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) ("Congress enacted §230 to promote freedom of speech in the 'new and burgeoning Internet medium' by eliminating the 'threat [of] tort-based lawsuits' against interactive services for injury caused by 'the communications of others'")..………………………………………………………   5

*Blumenthal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998) (Congress made the legislative judgment in enacting Section 230 to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others.) …………………………………………………………………………..   5, 6

*Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000) (Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action, and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract)..…………………………………………………………………………..   5

*Doe v. AOL, Inc.*, 1997 WL 374223 (Fla. Cir. Ct. June 26, 1997) ((Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action, and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract) ………………………………………………………………………...   5, 6

*Gentry v. eBay*, 99 Cal. App. 4th 816, 834 (Cal. Ct. App. 2002) (eBay is an "internet computer service provider" as defined by the CDA, and is, therefore, immune from liability for any underlying bad acts or misrepresentations by the users of its services.) ………………….   6

*Seringetti Const. Co. v. City of Cincinnati*, 51 Ohio App. 3d 1, 4 (Ohio Ct. App. 1988) ("The interpretation of a written agreement is, in the first instance, a matter of law for the court").   7

*White v. Lawler*, 2005 WL 1792870, at *1 (Ohio Ct. App. July 28, 2005) (*quoting Piciorea v. Genesis Ins. Co.,* 2003 WL 21710789, at *2 (Ohio Ct. App. July 24, 2003) (upholding defendant's summary judgment motion interpreting insurance contract)……………………...   7

*Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.*, 578 N.E.2d 851, 855 (Ohio. Ct. App. 1989) (upholding lower court's interpretation of insurance agreement)……………………………   7

*Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 672 (N.D. Ohio 1992) ("Where the plaintiff's cause of action arises out of a contract which has been attached to the complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate.") ………………………………………… 9

*Frey v. Vin Devers, Inc*., 80 Ohio App. 3d 1, 6 (1992) (act or practice is "deceptive" when 'the supplier does or says something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts") …………………….. ..  10

*Drozeck v. Lawyers Title Ins. Co.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) ("An action for 'money had and received' is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment")……………………………………………………………….. 12